IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-058-WS |
| | ) | |
| CHRISTOPHER ANTHONY CALHOUN, | ) ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the defendant's motion for reconsideration, (Doc. 34). The motion seeks reconsideration of the Court's previous order denying the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). (Doc. 33). The latter motion was filed in light of Amendment 706 to the Sentencing Guidelines, (Doc. 28 at 1), and the Court denied it because the defendant was sentenced to the statutory minimum of 240 months and so could not profit by the reduced guideline range wrought by Amendment 706. (Doc. 33).

The motion for reconsideration does not argue that the Court reached an incorrect conclusion as to the effect of Amendment 706 on his sentence. Instead, the motion argues that the defendant should not have been subject to the 20-year mandatory minimum of 21 U.S.C. § 841(b)(1) because his previous felony drug offense did not involve a "substantial quantity" of a controlled substance. (Doc. 34 at 1). Motions under Section 3582(c)(2), however, must be based on post-sentencing amendments to the Sentencing Guidelines, not on perceived errors in the original sentencing.[1] Accordingly, the motion for

---

[1] The defendant's argument would fail even were it presentable on a motion to reduce sentence. What Congress mandated was that the Sentencing Guidelines provide a "substantial term of imprisonment" for a felony drug offense "involv[ing] trafficking in a substantial quantity of a controlled substance." 28 U.S.C. § 994(i)(5). Section 994(i) on its face addresses only the relation between the amount of drugs involved in the *presen*t

reconsideration is **denied**.

DONE and ORDERED this 5th day of May, 2008.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

crime and the punishment for that crime, not the relation between the amount of drugs involved in a *previous* crime and punishment for the present crime.

Moreover, the defendant was sentenced under Section 841(b)(1)(A), which mandates a minimum sentence of 20 years for one convicted of a present offense involving over 50 grams of crack who has a prior "felony drug offense," regardless of the amount of drugs involved in the previous offense.

Finally, the defendant's previous conviction was for conspiracy to possess with intent to distribute crack cocaine, with the network responsible for more than 25 ounces (over 700 grams) of crack, and the defendant did not object to this — or any — portion of the presentence investigation report. In nobody's book is 700 grams of crack — which carries a mandatory minimum sentence of ten years, 18 U.S.C. § 841(b)(1)(A)(iii) — an insubstantial amount.