# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER CALHOUN, | : |
| Petitioner, | : |
| | : CIVIL ACTION NO. 16-0637-WS |
| vs. | : CRIMINAL NO. 06-0058-WS |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

This cause is before the Court on petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 41; *see also* Doc. 42 (petitioner's memorandum) & Doc. 45 (Calhoun's declaration)), the government's motion to dismiss (Doc. 50), and Petitioner's reply (Doc. 52). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings, it is recommended that Calhoun's § 2255 motion be denied both as time-barred pursuant to 28 U.S.C. § 2255(f)(1), (3) & (4) and on the merits of his § 924(c) claim. The government's motion to dismiss (Doc. 50) should be **GRANTED**.

## BACKGROUND

On May 15, 2006, Calhoun entered counseled guilty pleas to conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, as charged in Count 1 of the Indictment, and possession of a firearm during the just-referenced drug trafficking offense, in violation of 18 U.S.C. §

924(c)(1)(A), as charged in Count 3 of the Indictment. (*Compare* Doc. 30, at 13 & 32-34 *with* Doc. 1.) Calhoun was sentenced to a total term of imprisonment of 300 months. (*See* Docs. 26 & 31.) With respect to the § 924(c) count, petitioner received a 60-month consecutive sentence to the 240-month term imposed on the crack cocaine conspiracy count. (*See id.*)

In his motion to vacate, Calhoun initially contends he was denied effective assistance of counsel during pretrial proceedings, plea negotiations and at sentencing (Doc. 41, at 4) but more importantly claims that in light of the holding in *Johnson v. United States,* 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague), he is actually innocent of Count 3 or, alternatively, that conviction is no longer valid and his conviction and sentence must be vacated. Given Petitioner's apparent concession that his ineffective assistance of counsel claims are procedurally barred (*see* Doc. 52, at 2), this report and recommendation will have as its focus Petitioner's claim that *Johnson, supra,* should be extended to and control the disposition of his § 924(c) conviction.

## CONCLUSIONS OF LAW

A. **Statute of Limitations.** The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the typical case, a petitioner interposes no argument in favor of application of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a motion to vacate, set aside or correct a sentence becomes relatively easy to calculate under § 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, Calhoun did not file a direct appeal (*see* Docket Sheet) and, therefore, his convictions and sentences became final ten (10) days after this Court entered its September 26, 2006 written judgment, that is, on October 6, 2006,[1] the date on which the time for filing a notice of appeal with this Court expired. *Compare* Fed.R.App.P. 4(b)(1)(A)(i) *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999)

---

[1] On the date that the judgment was entered in this case, the time for filing a direct appeal expired ten days later. *See Perez v. United States,* 2014 WL 31326, *5 n.9 (S.D. Fla. Jan. 2, 2014) ("Rule 4(b)(1)(A) has since been amended, effective December 1, 2009, revising the time limitation to 14 days.").

("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Thus, Calhoun's one-year limitations period for filing his § 2255 motion began running on October 6, 2006 and expired on October 6, 2007.[2] And, of course, it is because Calhoun's motion to vacate comes more than nine (9) years following the expiration of his one-year limitations period under § 2255(f)(1) that he seeks to argue, with respect to his § 924(c) claim, that his motion to vacate is timely under § 2255(f)(3) ("[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"), based upon the Supreme Court's decision in *Johnson, supra.*[3]

---

[2] "*Pro se* litigants are deemed to know of the one-year statute of limitations for filing § 2255 motions." *Lucas v. United States,* 522 Fed.Appx. 556, 558 (11th Cir. Jun. 17, 2013), citing *Outler v. United States,* 485 F.3d 1273, 1283 n.4 (11th Cir. 2007).

[3] With respect to his ineffective assistance of counsel claims, Calhoun contended in his memorandum in support of his motion to vacate that he is entitled to statutory tolling, in accordance with § 2255(f)(4), and equitable tolling. (*See* Doc. 42, at 2-5.) According to Calhoun, he is entitled to statutory and equitable tolling because he told his attorney that he wanted to appeal his sentence, and later that he wanted to file a § 2255 motion, and that these communications went on for years until he filed the instant § 2255 motion to vacate. (*Id.* at 2-3.)

Section 2255(f)(4) provides that the one-year limitations period begins to run on "the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence." *Id.* And, in accordance with principles of equitable tolling, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Although it now appears that Calhoun concedes that he cannot establish statutory or equitable tolling with respect to his ineffective assistance of counsel claim (*see* Doc. 52, at 2 ("While Calhoun will concede that his ineffective assistance of counsel claim may be procedurally barred . . . .")), the undersigned specifically finds that neither tolling provision provides a refuge for Calhoun because of his inability to establish due diligence in asserting his ineffective assistance of counsel claims.

(Continued)

Calhoun's argument, however, necessarily fails (and his petition remains untimely) because his motion to vacate was filed on December 18, 2016 (*see* Doc. 41, at 13), more than one year after the Supreme Court issued its decision in *Johnson* on June 26, 2015, *see* 135 S.Ct. at 2551. *Compare Johnson v. United States,* 2016 WL 5452804, *2 (D. Md. Sept. 29, 2016) ("The Supreme Court issued its opinion in *Johnson* on June 26, 2015. Therefore, the deadline to file a Section 2255 motion for relief under *Johnson* was June 26, 2016. However, Petitioner's Motion was not filed in this Court until July 21, 2016, significantly after the one-year statute of limitations had run. Therefore, Petitioner's motion is untimely.") and *Jones v. United States,* 2016 WL 5109169, *2

---

Calhoun makes conclusory allegations that he asked his attorney to file an appeal and a motion to vacate but at the same time readily admits that his attorney told him that he could not appeal his sentence because of the waiver in the plea agreement and, based on that waiver, he could not file a § 2255 motion challenging his sentence. (*See* Doc. 45, Declaration of Christopher Anthony Calhoun, at ¶¶ 6-10.) In other words, Calhoun's own statements establish that he knew very early on—certainly by March 3, 2008, when he filed a *pro se* motion for retroactive application of the sentencing guidelines to his crack cocaine offense (*see* Doc. 27)— that his attorney was not going to appeal his sentence or collaterally attack the sentence in a § 2255 motion; therefore, he simply cannot establish that he was duly diligent in filing the instant motion to vacate, for purposes of statutory tolling in accordance with § 2255(f)(4), more than nine years after his convictions became final. *Compare Perez, supra,* at *5 n.10 ("Under § 2255(f)(4), the time begins when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner understands the legal theories available to him or recognizes the legal significance of the facts that he discovers." (citations omitted)) *with Doe v. United States,* 469 Fed.Appx. 798, 800 (11th Cir. Apr. 6, 2012) ("Although Doe contends that his counsel failed to file a notice of appeal upon request after sentencing, he has not explained below or on appeal when he learned of counsel's failure or why he waited so long to file his § 2255 motion. He merely says that, while in prison, he learned about his right to have counsel file a direct appeal, but he does not demonstrate how he exercised due diligence in pursuing his rights or why the district court clearly erred in concluding that he failed to exercise due diligence."). And the "failure to demonstrate the due diligence required by § 2255(f)(4) prevents [Calhoun] from availing himself of the benefits of equitable tolling." *Badillo v. United States,* 2013 WL 2297172, *4 (M.D. Ala. May 24, 2013) (citation omitted). Because Calhoun is not entitled to statutory or equitable tolling with respect to his ineffective assistance of counsel claims, these claims are properly dismissed as time-barred.

5

(W.D. N.C. Sept. 19, 2016) ("Petitioner's § 2255 motion to vacate should be dismissed as untimely because it was not filed within one year from the date the Johnson opinion was filed."), *appeal dismissed,* 2017 WL 1437233 (4th Cir. Apr. 24, 2017), *with Dodd v. United States,* 545 U.S. 353, 357 & 358, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343 (2005) ("What Congress has said in ¶ 6(3) is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court. . . . Paragraph 6(3) identifies *one date and one date only* as the date from which the 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'"). Accordingly, Calhoun's motion to vacate, filed December 18, 2016, is time-barred under 28 U.S.C. § 2255(f)(3) because it was filed more than one year after the Supreme Court's June 26, 2015 decision in *Johnson v. United States*. Even though Calhoun's motion to vacate is clearly time-barred, the undersigned also finds that his § 924(c) claim has no merit.[4]

**B.    Merits Review of Calhoun's § 924(c) Claim**.  Calhoun contends that he is actually innocent[5] of his § 924(c) conviction and sentence based on the holding in

---

[4]    The undersigned reaches the merits of Calhoun's § 924(c) claim because the merits are easily addressed.

[5]    In *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*, quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Even though Petitioner conclusorily argues that he is actually, factually innocent of the § 924(c) firearm charge, his reliance on *Johnson* only establishes a claim of legal innocence. In other words, Calhoun has
(Continued)

*Johnson v. United States, supra,* as applied by and through *Duhart v. United States, supra.* In *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), set forth in 18 U.S.C § 924(e), is unconstitutionally vague because it creates "uncertainty about how to estimate the risk posed by a crime[]" and also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." 135 S.Ct. at 2557 & 2558; *see also id.* at 2563. And in *Duhart, supra,* a district judge in the Southern District of Florida extended the holding in *Johnson* to a petitioner's conviction and sentence under § 924(c) because his conviction and sentence relied on the residual clause portion of § 924(c)'s definition of "crime of violence" set forth in § 924(c)(3)(B). *See Duhart, supra,* at *6-7.

In this case, Calhoun was not sentenced under the ACCA,[6] nor does his conviction and sentence rely on the residual clause portion of § 924(c)'s definition of "crime of violence" set forth in § 924(c)(3)(B). (*Compare* Doc. 25 (presentence investigation report makes no reference to the ACCA or § 924(c)(3)(B)) *with* Doc. 31 (sentencing transcript contains no reference to the ACCA or § 924(c)(3)(B)). Instead, Calhoun was

---

come forward with not one whit of new evidence that the firearm in question was not his firearm or that he did not possess the firearm in connection with the drug trafficking crime; instead, his sole contention is that his § 924(c) conviction (and sentence) are void (or due to be vacated) in light of the holding in *Johnson, supra,* as applied by and through *Duhart v. United States,* 2016 WL 4720424 (S.D. Fla. Sept. 9, 2016). Since this is nothing more than a claim of legal innocence, *McQuiggin* does not provide him a gateway through which his untimely § 2255 motion may pass.

[6] As an aside, the Supreme Court in *Johnson* said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See* 134 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

sentenced under § 924(c)(1)(A) for possessing a firearm during or in relation to the drug trafficking crime set forth in Count 1 of the Indictment. (*See* Doc. 31, at 2-3 & 4.) Courts in the Eleventh Circuit have consistently determined that *Johnson* does not extend to § 924(c) convictions based on drug trafficking crimes. *Compare, e.g., In re Baptiste,* 828 F.3d 1337, 1338 (11th Cir. Jul. 13, 2016) ("'Even if we assumed that the rule announced in *Johnson* encompassed the residual clause of § 924(c) . . ., Baptiste would not be entitled to relief because his conviction for violating § 924(c) was based on a drug trafficking crime, not a crime of violence.' . . . Because we have already denied Baptiste's *Johnson* claim on the merits once, his application raising the same claim is likewise denied.") *with United States v. Perez-Monge,* 2017 WL 1370772, *2 (N.D. Fla. Feb. 24, 2017) ("Petitioner's discussion of the statute in his memorandum does not acknowledge that his conviction on Count Two rested not on a crime of violence but rather on the drug trafficking crime charged in Count One of the indictment. . . . As such, even assuming the holding in *Johnson* is properly extended to § 924(c)(1)(A), *Johnson* has no application to Petitioner's case, and he is not entitled to relief."), *report and recommendation adopted,* 2017 WL 1393703 (N.D. Fla. Apr. 13, 2017); *Jimenez-Najera v. United States,* 2017 WL 393729, *2 (N.D. Ga. Jan. 30, 2017) ("Because Movant was charged and convicted of carrying a firearm during and in relation to a drug trafficking crime, not during and in relation to a crime of violence, the Magistrate Judge found that Section 924(c)'s definition of 'crime of violence' 'played no role in this case.' . . . Even if the 'crime of violence' clause in Section 924(c) is unconstitutional, it did not affect Movant's sentence."); and *Johnson v. United States,* 2016 WL 4179995, *1 (S.D. Ala. Aug. 5, 2016) ("Petitioner was convicted for possessing a firearm during and in

furtherance of a 'drug trafficking crime,' not a 'crime of violence.' *Johnson* has no impact on the definition of a 'drug trafficking crime.' Thus, even if *Johnson* [was] extended to the clause contained in § 924(c)(3)(B), this clause was not implicated in Petitioner's case." (internal footnote omitted)). Because this Court did not sentence Calhoun under the residual clause of the ACCA and because his conviction under § 924(c)(1)(A) did not in any way involve a "crime of violence" and he was not sentenced under the residual clause of § 924(c),[7] the undersigned **RECOMMENDS** that this Court find that the holding in *Johnson* does not apply in Petitioner's case and alternatively deny his § 924(c) claim on the merits.

C. **Certificate of Appealability.** Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied primarily on procedural grounds without reaching the merits of certain constitutional claims, such that "a COA should issue [only] when the

---

[7] It is clear that Calhoun's conviction under § 924(c)(1)(A), which rested on a drug trafficking crime, would still be valid even if this Court was to find that *Johnson* renders the "crime of violence" definition in § 924(c)(3)(B) unconstitutional.

prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000), but also partially on the merits, specifically the merits of of Calhoun's § 924(c) claim, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack v. McDaniel, supra,*; *see also id.* at 483–484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Calhoun's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims of ineffective assistance of counsel certainly and even, in truth, with respect to his § 924(c) claim. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain

10

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). However, it is additionally clear, with respect to his § 924(c) claim, that reasonable jurists could not debate whether his § 2254 habeas petition should be resolved in a different manner or that any of the remaining issues presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that the government's motion to dismiss (Doc. 50) the instant motion to vacate (Doc. 41; *see also* Docs. 42 & 45) be **GRANTED**

and that Christopher Calhoun's motion to vacate be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1), (3) & (4). In addition, the undersigned also recommends that the Court alternatively find that Petitioner's § 924(c) claim has no merit. Calhoun is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not

specific.

       **DONE** this the 8th day of June, 2017.

                                                      s/P. BRADLEY MURRAY
                                       **UNITED STATES MAGISTRATE JUDGE**