# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 06-0058-WS |
| ) | |
| CHRISTOPHERN CALHOUN, JR., ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the Court on the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(b). (Doc. 59).

On December 21, 2018, the President signed S. 756, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act") into law. One feature of the Act retroactively applies certain reduced statutory penalties for crack cocaine offenses under the Fair Sentencing Act of 2010 ("FSA") to "covered offenses" committed before August 3, 2010. In particular, Section 404(b) of the Act provides as follows: "A court that imposed a sentence for a covered offense may, on motion of the defendant, impose a reduced sentence as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed." After review of the defendant's motion, other relevant material in the file, and with the benefit of analysis performed by the United States Probation Office, the Court has determined that sentence reduction based on the Act may be appropriate in this case.

The defendant was charged in Count One of a multi-count indictment with conspiracy to possess with intent to distribute over 50 grams of crack cocaine.[1] (Doc. 8 at 1). The defendant, pursuant to a plea agreement, pleaded guilty to Count One. (Doc. 21). In September 2006, the Court sentenced the defendant to 240 months imprisonment on Count One and a consecutive 60 months on Count Three, a firearms charge. (Doc. 26). Subsequently, but at the same sentencing hearing, the defendant was sentenced to an additional 30 months on revocation of his supervised release term in a previous drug case, "consecutive to the sentence previously imposed in Case

---

[1] This is a "covered offense" for purposes of the Act.

06-58." (Doc. 31 at 10-11; *accord United States v. Calhoun*, Crim. Action No. 00-0112-WS, Doc. 209 at 2).[2]

The defendant admitted the conspiracy and admitted it involved over 50 grams of crack cocaine. (Doc. 20 at 13-14). The presentence report ("PSR") determined that the defendant was accountable for 52.31 grams of crack cocaine. (Doc. 25 at 5). When the defendant was sentenced, the statutory minimum sentence for defendants accountable for this amount of crack cocaine was ten years. Because the defendant had a prior conviction for a felony offense, (*id*. at 12), the statutory minimum sentence was twenty years. 21 U.S.C. § 841(b)(1)(A). The defendant's sentence under Count One therefore represented the statutory minimum sentence.[3]

The FSA increased the quantity of crack cocaine required to trigger various minimum sentences. In particular, the minimum quantity required for a ten-year statutory minimum sentence (twenty years with a prior felony drug conviction) rose from 50 grams to 280 grams. Under the FSA, a defendant accountable for 50 to 150 grams of crack cocaine is subject to a mandatory minimum sentence of five years (ten years with a prior felony drug conviction). 21 U.S.C. § 841(b)(1)(B).[4]

The Court concludes that a sentence under Count One imposed as if the FSA were in effect at the time the crime of conviction was committed would be 120 months. Unless either party files a written objection on or before **July 8, 2019**, the Court will enter an order reducing the defendant's term of imprisonment under Count One to 120 months; the consecutive 60-

---

[2] Although the defendant includes the case number of his 2000 case in the style of his instant motion, he does not seek any reduction in his 30-month sentence imposed thereunder. (Doc. 59 at 10).

[3] The nominal guideline range was 121 to 151 months, (Doc. 25 at 19), but when the guideline range falls below the statutory minimum, the guideline range is deemed to be the statutory minimum. U.S.S.G. § 5G1.1(b).

[4] Under guidelines reflecting the FSA, the defendant's nominal guidelines range is 57 to 71 months, but the actual guideline range continues to be the statutory minimum.

The defendant was also held accountable for one kilogram of cocaine, (Doc. 25 at 6; Doc. 31 at 3-4), but that quantity of cocaine is likewise subject to Section 841(b)(1)(B).

month sentence under Count Three, and the consecutive 30-month sentence in Criminal Action 00-0112-WS, will remain in place.[5]

DONE and ORDERED this 24th day of June, 2019.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5] The defendant requests appointment of counsel to determine whether he is entitled to any relief under the Act. (Doc. 60). Because the Court proposes to grant the defendant the full relief he seeks, (Doc. 59 at 10), the request, construed as a motion, is **denied as moot**.